IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MASON III,<br><br>    Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No.<br><br>Removed from Court of Common Pleas,<br>Philadelphia County, Case No. 210702532 |

## NOTICE OF REMOVAL OF ACTION

Pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441 and 1446, Defendant Uber Technologies, Inc., ("Uber") by and through its undersigned counsel, hereby removes this case, to this Court from the Court of Common Pleas, Philadelphia County. In support of this Notice of Removal ("Notice"), Uber states as follows:

**I.    PROCESS, PLEADINGS, AND ORDERS**

1. Plaintiff John Mason III ("Plaintiff") filed a Complaint (the "Complaint") on July 30, 2021, designated as Case No. 210702532 in the Court of Common Pleas of Philadelphia. Plaintiff's Complaint is attached as Exhibit A.

2. Plaintiff served Uber with a Summons and a copy of the complaint on August 6, 2021. Service of Process Transmittal and Attachments are attached as Exhibit B.

3. The Complaint alleges the following claims: (1) violation of the Philadelphia Fair Criminal Record Screening Law (Philadelphia Code § 9-3504 *et seq.*); and (2) common law wrongful termination in violation of public policy. Ex. A.

4. Pursuant to 28 U.S.C. § 1446(a), the attached Exhibits A and B constitute all process, pleadings and orders served upon Uber or filed or received in this action by Uber.

**II.     VENUE**

5.     Because the Court of Common Pleas of Philadelphia lies in the Eastern District of Pennsylvania, this Court is the appropriate venue for removal.  *See* 28 U.S.C. §§ 118(a) and 1441(a).

**III.    FEDERAL JURISDICTION**

6.     Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

### A. Diversity Of Citizenship Exists

7.     For diversity purposes, an individual is a citizen of the state in which he or she is domiciled with the intent to remain. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008).  To be domiciled in a state, a person must reside there and intend to remain indefinitely. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972).  A person may only have one domicile, and thus, may be a citizen of only one state for diversity jurisdiction purposes.  *See Williamson v. Osenton*, 232 U.S. 619, 625 (1914).  Plaintiff alleges that he is a citizen of the Commonwealth of Pennsylvania.  Exhibit A, at ¶ 1.  Accordingly, Plaintiff is a citizen of the Commonwealth of Pennsylvania for purposes of diversity jurisdiction.

8.     For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state in which it was incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is its "nerve center" – the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

9.     Uber is incorporated in the State of Delaware, and its principal place of business in California. Exhibit C, Declaration of Deborah Soh, at ¶ 2.  Accordingly, Uber is a citizen of Delaware and California for diversity purposes.

10.     As a result, there is complete diversity among the parties for purposes of removal.

**B.  Amount In Controversy Exceeds $75,000**

11.     Pursuant to 28 U.S.C. § 1446(c), Uber need only establish by a preponderance of evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement.

12.     In the Complaint, Plaintiff alleges he was terminated from employment in April 2019 based on the results of a background check and suffered economic loss, including lost wages, emotional distress, and pain and suffering.  Exhibit A, at ¶¶ 12-15.

13.     Plaintiff alleges he seeks damages in excess of $75,000, and also states that he seeks compensatory damages, including back pay (which, as of the date of this filing, would alone compromise over two years of wages), front pay, past and future lost wages, lost pay increases and incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, and pain and suffering, punitive damages, and attorneys' fees.  Exhibit A, at § IV "Relief Requested."

14.     Plaintiff also seeks liquidated damages for his claim under the Philadelphia Fair Criminal Record Screening Law, Philadelphia Code § 9-3500 *et seq*.  Exhibit A, at ¶ 32.

15.     Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," and a removing defendant need only establish that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum of $75,000.  See 28 U.S.C. § 1446(c)(2)(A).

16. For jurisdictional purposes, "determining the amount in controversy begins with a reading of the complaint filed in the state court." *See Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 398 (3d Cir. 2004). The court, however, does not merely accept a plaintiff's contentions regarding the amount in controversy, but is required to analyze the legal claims to determine if a plaintiff's actual monetary demands exceed the $75,000 threshold. *Morgan v. Gay*, 471 F.3d 469, 474-75 (3d Cir. 2006).

17. Although Uber disputes the validity of Plaintiff's claims and that he is entitled to any relief, a successful litigant under the Philadelphia Fair Criminal Record Screening Law would be entitled to compensatory damages, liquidated damages of up to $5,000, and reasonable attorney's fees. *See* Philadelphia Code § 9-3508.

18. Similarly, a plaintiff who successfully brings a Pennsylvania state law wrongful discharge in violation of public policy claim can recover compensatory damages, including back pay, front pay, and emotional distress damages, *Schall v. Ronak Foods*, No. 2:19-cv-01463, 2019 WL 4034765 at *6 (E.D. Pa. Aug. 27, 2019), and punitive damages, *see Rue v. K-Mart Corp.*, 691 A.2d 498 (Pa. Super. 1997).

19. Considering the combination of Plaintiff's claims for compensatory harm, punitive damages, liquidated damages, and attorneys' fees, it is plausible that a fact finder might conclude that his damages exceed $75,000, exclusive of interest and costs. *Frederico v. Home Depot*, 507 F.3d 188, 199 (3rd Cir. 2007) (holding that punitive damages add to the amount in controversy); *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199 (1993) (holding that when available under state law, attorneys' fees must be considered in determining the amount in controversy); *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) (same). Consequently, the requirements of 28

U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and because this is a civil action between citizens of different states.

20. By reason of the foregoing and pursuant to 28 U.S.C. §§ 1441(b) and (c), Uber desires and is entitled to have this case removed from the Court of Common Pleas Philadelphia to the United States District Court for the Eastern District of Pennsylvania.

## IV. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

21. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed on September 7, 2021, which is within thirty days of Uber's receipt of the Complaint.

22. In accordance with 28 U.S.C. § 1446(d), Uber has filed this Notice with this Court, is serving a copy of this Notice upon counsel for Plaintiff, and are filing a copy of this Notice in the Court of Common Pleas of Philadelphia.

23. Uber reserves the right to submit further evidence supporting this Notice should Plaintiff move to remand.

## V. CONCLUSION

WHEREFORE, having fulfilled all statutory requirements, Defendant Uber Technologies, Inc. prays that the instant action pending against it in the Court of Common Pleas of Philadelphia, be removed to this Court and request that this Court assume full jurisdiction over this matter as provided by law.

|  |  |
|---|---|
| Dated:  September 7, 2021 | *s/ William J. Simmons* <br> William J. Simmons (PA # 206860) <br> Kayleen Egan (PA # 321735) <br> **LITTLER MENDELSON, P.C.** <br> Three Parkway <br> 1601 Cherry Street, Suite 1400 <br> Philadelphia, PA  19102.1321 <br> Tel:  (267) 402-3000 <br> Fax:  (267) 402-3131 <br> wsimmons@littler.com <br> kaegan@littler.com <br><br> *Attorneys for Defendant* <br> *Uber Technologies, Inc.* |

## **CERTIFICATE OF SERVICE**

I, William J. Simmons, hereby certify that I caused to be served the foregoing **Notice of Filing of Removal of Action**, via email and first class mail, upon the following:

Graham F. Baird
**LAW OFFICES OF ERIC A. SHORE**
Two Penn Center
1500 JFK Boulevard, Ste. 1240
Philadelphia, PA 19102
*Attorneys for Plaintiff, John Mason III*

*s/ William J. Simmons*
William J. Simmons

Dated: September 7, 2021