# EXHIBIT A

Graham F. Baird, Esquire
Attorney Identification No: 92692
**LAW OFFICES OF ERIC A. SHORE**
Two Penn Center
1500 JFK Boulevard, Ste. 1240
Philadelphia, PA 19102
(267) 546-0131
Attorney for Plaintiff, John Mason III

MAJOR JURY
ASSESSMENT OF DAMAGES
HEARING REQUIRED

*Filed and Attested by the
Office of Judicial Records
21 JUL 2021 10:23 am
S. RICE*

| | |
|---|---|
| JOHN MASON III<br>2046 East Victoria Street<br>Philadelphia, PA 19134<br><br>    Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC.<br>1455 Market Street, Suite 400<br>San Francisco, CA 94103<br><br>    Defendants | PHILADELPHIA COURT OF<br>COMMON PLEAS<br><br><br><br>JURY OF TWELVE DEMANDED<br><br>No.: |

## NOTICE TO DEFEND

NOTICE
You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.
You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.
Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

AVISO
Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.
Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.
Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

Case ID: 210702532

| | |
|---|---|
| Graham F. Baird, Esquire<br>Attorney Identification No: 92692<br>**LAW OFFICES OF ERIC A. SHORE**<br>Two Penn Center<br>1500 JFK Boulevard, Ste. 1240<br>Philadelphia, PA 19102<br>(267) 546-0131<br>Attorney for Plaintiff, John Mason III | **MAJOR JURY**<br>**ASSESSMENT OF DAMAGES**<br>**HEARING REQUIRED** |

| | |
|---|---|
| JOHN MASON III<br>2046 East Victoria Street<br>Philadelphia, PA 19134<br>  Plaintiff,<br>  v.<br>UBER TECHNOLOGIES, INC.<br>1455 Market Street, Suite 400<br>San Francisco, CA 94103<br>  Defendants | JURY OF TWELVE DEMANDED<br><br>No.: |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, JOHN MASON III (hereinafter "Plaintiff") is an adult individual residing at the above address.

2. Defendant, UBER TECHNOLOGIES, INC. (hereinafter "Defendant") is a business corporation organized and existing under the laws of the State of California with a principal place of business at the address captioned above.

3. At all times material hereto, Defendant employed Plaintiff at its 7821 Bartram Avenue, Philadelphia, Pennsylvania location as set forth above and qualified as Plaintiff's employer under the Philadelphia Fair Criminal Record Screening Standard.

4.	Plaintiff exhausted his administrative remedies. (See Exhibit A, a true and correct copy of a dismissal and notice of rights issued by the Philadelphia Commission on Human Relations.)

5.	This action is instituted pursuant to the Philadelphia Fair Criminal Record Screening Standard.

6.	This Honorable Court has subject matter jurisdiction over this lawsuit.

7.	Venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendant in the First Judicial District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

## II. Operative Facts.

8.	On February 1, 2016, Defendant hired Plaintiff as a driver.

9.	At the time of his hire, Plaintiff underwent a background check.

10.	Said background check showed Plaintiff had a past conviction for misdemeanor possession of marijuana from 2005.

11.	Despite this, Plaintiff was cleared to work by Defendant, and was provided a company-issued vehicle with which to perform his job.

12.	On or about April 1, 2019, Plaintiff attempted to access his account with Defendant to begin working, however his account was locked and he was denied access.

13.	Plaintiff attempted to contact Defendant several times via electronic mail as to the access of his account, but was simply told he needed to "update his information."

14. Plaintiff followed this instruction and provided Defendant with the information that was requested, but he was still denied access to his account, effectively terminating him from employment.

15. During subsequent e-mail contact with Defendant, Plaintiff was told the termination was based on "Checkr", Defendant's third-party background check company.

16. At that time, Plaintiff had already been working for Defendant for approximately two (2) years and had not been subjected to any updated background checks.

17. Plaintiff went to Defendant's location on 7821 Bartram Avenue, Philadelphia, Pennsylvania to discuss the situation.

18. Plaintiff was told that Defendant was "not responsible for the results of the background check" and further stated there was "nothing they could do."

19. Plaintiff inquired about returning Defendant's company-issued vehicle.

20. Defendant's representative informed Plaintiff that an agent for Defendant would come and pick the vehicle up within the next few days.

21. Defendant did not pick up their vehicle until two (2) months later, after issuing Plaintiff a letter stating that he owed an approximate $1,600.00 balance on the vehicle.

22. At the time of his termination, Plaintiff had driven over two thousand (2000) trips logged and maintained a driver rating of 4.96 out of 5.

23. As described above, Defendant terminated Plaintiff's employment based on a background check that was done two (2) years prior.

24. As a direct and proximate result of Defendant's conduct in terminating Plaintiff, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of

future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

**COUNT I– VIOLATION OF THE PHILADELPHIA FAIR CRIMINAL RECORD SCREENING LAW**
**(PHILADELPHIA CODE § 9-3504, et seq.)**

25. Plaintiff incorporates paragraphs 1-24 as if fully set forth at length herein.

26. At all times material hereto, Defendant is subject to the Fair Criminal Record Screening Law.

27. Further, an employer shall not reject an employee based on his or her criminal record unless the specific record creates and unacceptable risk to the operation of the business or to coworkers or customers.

28. Plaintiff is a qualified employee and person within the definition of the Fair Criminal Record Screening Law, Philadelphia Code § 9-3500, et seq,.

29. Defendant is an "employer" and is thereby subject to the strictures of the Fair Criminal Record Screening Law, Philadelphia Code § 9-3500, et seq,.

30. Defendant's aforementioned conduct in terminating Plaintiff's employment constitutes a violation of the Fair Criminal Record Screening Law, Philadelphia Code § 9-3500, et seq.

31. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as personal injury, emotional distress, pain and suffering, consequential damages and Plaintiff has

also sustained work loss, loss of opportunity, and a permanent diminution of their earning power and capacity and a claim is made therefore.

32. As a result of the Defendant's conduct, Plaintiff hereby demands liquidated damages.

33. Pursuant to the Fair Criminal Record Screening Law, Philadelphia Code § 9-3500, et seq, Plaintiff demands attorney's fees and court costs.

### COUNT II - WRONGFUL TERMINATION-PENNSYLVANIA COMMON LAW

34. Plaintiff incorporates paragraphs 1-33 as if fully set forth at length herein.

35. Defendants' conduct towards Plaintiff, as described above and incorporated herein, constitutes wrongful termination of Plaintiff in that it violated public policy.

36. As set forth above, Plaintiff was terminated on the basis of a background check after working for Defendant for two (2) years.

37. Defendants' termination of the Plaintiff was a direct consequence of Plaintiff's background check.

38. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, lost benefits, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

39. As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

40. Plaintiff demands attorney fees and court costs.

Case ID: 210702532

## IV. Relief Requested.

**WHEREFORE**, Plaintiff JOHN MASON III demands judgment in his favor and against Defendant, UBER TECHNOLOGIES, INC. in an amount in excess of $75,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _____
**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19110
Attorney for Plaintiff, John Mason III

Date: 7/30/2021

## VERIFICATION

I, John Mason III, verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein made are subject to penalty of law, relating to unsworn falsification to authorities.

07/29/21
_____
Date

_____
John Mason III

# EXH. A



# PHILADELPHIA COMMISSION ON HUMAN RELATIONS

## DISMISSAL AND NOTICE OF RIGHTS

**To:**
Graham F. Baird
Law Offices of Eric A. Shore
Two Penn Center
1500 John F. Kennedy Blvd
Suite 1240
Philadelphia, PA 19102

**From:**
Philadelphia Commission on Human Relations
601 Walnut Street, Suite 300 South
Philadelphia, PA 19106
215-686-4670 (p) 215-686-4684(f)

**PCHR Complaint No.: 2018-10-30-564**            **Date of Commission Decision: 12-20-2019**

**Re: John Mason, III v. Uber Technologies, Inc.**

The Philadelphia Commission on Human Relations is closing its file on this complaint for the following reasons

☐ **Charge Not Substantiated** – The PCHR is unable to conclude that the information obtained through our investigation establishes a violation of the Philadelphia Fair Practices Ordinance. This does not certify that *the Respondent is* in compliance with the Philadelphia Fair Practices Ordinance. No finding is made as to any other issues that might be construed as having been raised by this complaint.

☐ **Failure to Cooperate** – After 30 days in which to respond, the Complainant failed to provide information, failed to appear or to be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve the complaint.

☐ **Failure to Locate** – Though reasonable efforts were made to locate the Complainant, we were not able to do so.

☐ **Complaint Withdrawn** – The PCHR has complied with the Complainant's request for withdrawal of the complaint referenced above.

☐ **Lack of Jurisdiction** – The facts alleged in the complaint fail to state a claim over which the PCHR has enforcement authority because the Complainant waited too long after the date(s) of the alleged discrimination to file the complaint, the discrimination alleged occurred outside Philadelphia or for some other reason(s).

☐ **Satisfactorily Adjusted** – The parties entered a settlement agreement that provides relief for the harm(s) alleged.

☐ **Waiver to EEOC** – The Complainant has requested that the case be waived to the Equal Employment Opportunity commission for further processing.

☐ **Right to Sue Requested** – Notice received that a right to sue was requested from the EEOC in this dual-filed matter. Complainant has the right to pursue this claim in the appropriate state or federal court.

☐ **Conciliation** – After a finding of probable cause, the parties entered a conciliation agreement that provides full relief for the violations established by our investigation. The complaint will be closed accordingly, but the Conciliation Agreement will remain on file and subject to review by the Commission during the period it is in effect.

☒ **Other** – Administrative Action. Right to Sue.

No further action is required at this time.

On behalf of the Commission

_____                                              12-30-19
**Name**                                                                                    **Date**

Case ID: 210702532


Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**JULY 2021**

E-Filing Number: 2107057441

**002532**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JOHN MASON | UBER TECHNOLOGIES, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2046 EAST VICTORIA STREET<br>PHILADELPHIA PA 19134 | 1455 MARKET STREET SUITE 400<br>SAN FRANCISCO CA 94103 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**
[ ] $50,000.00 or less
[X] More than $50,000.00

**COURT PROGRAMS**
[ ] Arbitration    [ ] Mass Tort         [ ] Commerce            [ ] Settlement
[X] Jury          [ ] Savings Action    [ ] Minor Court Appeal  [ ] Minors
[ ] Non-Jury      [ ] Petition          [ ] Statutory Appeals   [ ] W/D/Survival
[ ] Other:

**CASE TYPE AND CODE**
1E - EMPLOYMENT, WRONGFUL DISCHARGE

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
JUL 30 2021
S. RICE

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES    NO

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: **JOHN MASON**

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| GRAHAM F. BAIRD | LAW OFFICES OF ERIC A. SHORE<br>TWO PENN CENTER<br>1500 JFK BOULEVARD; STE. 1240<br>PHILADELPHIA PA 19102 |
| **PHONE NUMBER** (215)627-9999 | **FAX NUMBER** (215)627-9426 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 92692 | GrahamB@ericshore.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| GRAHAM BAIRD | Friday, July 30, 2021, 10:23 am |

FINAL COPY (Approved by the Prothonotary Clerk)