IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOHN MASON, III<br><br>v.<br><br>UBER TECHNOLOGIES, INC. | CIVIL ACTION<br><br>NO. 21-3983 |
|---|---|

**MEMORANDUM RE: DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS THE CASE**

**Baylson, J.** **December 2, 2021**

Before the Court is Defendant Uber Technologies, Inc.'s Motion to Compel Arbitration and Dismiss the Case. Plaintiff John Mason, III has brought claims for wrongful termination and for violation of the Philadelphia Fair Criminal Record Screening Law. Defendant seeks to compel arbitration of Plaintiff's claims.

## I. Background

This case concerns Plaintiff John Mason, III's contractual relationship with Defendant Uber Technologies, Inc. Mason began working as a driver for Uber in 2016. After three years and over 2000 trips, Mason's relationship with Uber was terminated. Mason was allegedly told by Uber that his termination was as a result of a background check carried out in 2016 when Mason initially began working for Uber; the background check had shown that Mason had a 2005 misdemeanor conviction for marijuana possession. (Compl. ¶¶ 8–23.)

Plaintiff filed suit against Defendant (ECF 1), alleging that Defendant's actions violated the Philadelphia Fair Criminal Record Screening Law, Philadelphia Code § 9-3504, et seq., and constituted wrongful termination. (Id. ¶¶ 25–40.) Defendant, invoking an arbitration provision in Uber's standard Technology Services Agreement (TSA) for drivers, moved to compel arbitration pursuant to the Federal Arbitration Act (FAA) and the Pennsylvania Uniform Arbitration Act

(UAA) and dismiss the case (ECF 5). Plaintiff filed a Response (ECF 6). Plaintiff argues 1) that he belongs to a class of workers exempt from the FAA, 2) that the arbitration provision does not apply to a claim brought under the Philadelphia Fair Criminal Record Screening Law, and 3) that the arbitration provision does not apply to disputes between drivers and Uber. (Pl.'s Resp. 2–6.) Defendant filed a Reply (ECF 7).

## II. Legal Standard

The FAA provides that as a matter of federal law, "[a] written provision" in a commercial contract evidencing an intention to settle disputes by arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The UAA similarly provides that under Pennsylvania law, "a provision in a written agreement to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable." 42 Pa. C.S.A. § 7303.

In deciding a motion to compel arbitration, courts in the Third Circuit apply either a motion to dismiss standard or a motion for summary judgment standard. "[W]here the affirmative defense of arbitrability of claims is apparent on the face of a complaint (or . . . documents relied upon in the complaint)," courts "favor resolving a motion to compel arbitration under a motion to dismiss standard without the inherent delay of discovery." Guidotti v. Legal Helpers Debt Resol., L.L.C., 716 F.3d 764, 773–74 (3d Cir. 2013) (quoting Somerset Consulting, LLC v. United Cap. Lenders, LLC, 832 F. Supp. 2d 474, 481–82 (E.D. Pa. 2011) (Dalzell, J.)). However, "when the complaint and incorporated documents facially establish arbitrability but the non-movant has come forward with enough evidence in response to the motion to compel arbitration to place the question in issue," courts instead apply a summary judgment standard. Id. at 774.

## III. Discussion

The FAA contains an exemption for "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. Plaintiff first argues that he falls within this exemption. (Pl.'s Resp. 2.) Whether Uber drivers may constitute a class of workers engaged in foreign or interstate commerce in not a settled matter in the Third Circuit. See Singh v. Uber Techs. Inc., 939 F.3d 210, 226–28 (3d Cir. 2019) (discussing this open question).

However, the Court need not decide this question because Defendant's Motion is brought pursuant not only to the FAA but also to Pennsylvania's UAA. "[T]here is no language in the FAA that explicitly preempts the enforcement of state arbitration statutes," and "[f]inding the § 1 exemption applies does not mean all state law about arbitration vanishes." Harper v. Amazon.com Servs., Inc., 12 F.4th 287, 295 (3d Cir. 2021) (citations omitted). And, importantly for this case, the UAA does not contain an exemption for workers engaged in foreign or interstate commerce. Even if Plaintiff were to fall within the FAA's exemption for interstate commercial workers, the UAA would still demand that the arbitration provision be enforced.

Plaintiff also argues that his Philadelphia Fair Criminal Record Screening Law claim is outside the scope of the TSA's arbitration provision. (Pl.'s Resp. 5.) However, the provision states that it applies to "any disputes arising out of or related to this Agreement and disputes arising out of or related to [the driver's] relationship with the Company, including termination of the relationship." (Def.'s Mot., Ex. C § 15.3(i).) This plainly encompasses a claim that Mason's termination violated the Philadelphia Fair Criminal Record Screening Law.

Plaintiff correctly observes that the Supreme Court has held that "an agreement to arbitrate statutory antidiscrimination claims [must] be 'explicitly stated' in [a] collective-bargaining agreement." 14 Penn Plaza LLC v. Pyett, 556 U.S. 247, 258 (2009). The TSA, however, is not a

collective bargaining agreement. Because the TSA is not a collective bargaining agreement, it need not explicitly reference the Philadelphia Fair Criminal Record Screening Law for the arbitration provision to apply to a claim brought under that particular law. See Johnson v. Adecco USA, No. 20-5501, 2021 WL 3030222, at *4 (E.D. Pa. July 19, 2021) (Leeson, J.) ("[W]here 'one waives one's own right, the 'clear and unmistakable' standard is not required." (quoting Voegele Mech., Inc. v. Local Union No. 690, 403 F. Supp. 3d 447, 458 (E.D. Pa. 2019) (Kelly, J.)); see also Wright v. Universal Mar. Serv. Corp., 525 U.S. 70, 80–81 (1998) (finding that an arbitration clause case "involved an individual's waiver of his own rights, rather than a union's waiver of the rights of represented employees and hence the 'clear and unmistakable' standard was not applicable").

Finally, Plaintiff suggests that the Court should not compel arbitration because Defendant is not a signatory to the TSA. (Pl.'s Resp. 5.) It is true that the contract is formally between Mason and Rasier-PA, LLC, a subsidiary of Uber, rather than directly between Mason and Uber itself. (See Def.'s Mot., Ex. C, at 6.) However, the arbitration provision expressly states that "Uber Technologies, Inc. is an intended, third party beneficiary of this Agreement." (Def.'s Mot., Ex. C § 15.3(i).) "Although ordinarily, only parties to a contract may avail themselves of its benefits, where an agreement confers benefits on a third party, that party may enforce it under a third-party beneficiary theory." City of Arnold v. Wage Pol'y Comm., 171 A.3d 744, 758, n.2 (Pa. 2017) (citing Johnson v. Pa. Nat. Ins. Companies, 594 A.2d 296, 299 (Pa. 1991)). As a third-party beneficiary, Defendant is entitled to enforcement of the arbitration provision.

This Court's finding that the arbitration provision can be validly enforced against Plaintiff does not entirely resolve this matter. The parties also disagree on whether the Court should dismiss the case or stay proceedings based on this finding. Plaintiff requests a stay, while Defendant seeks

dismissal. (Pl.'s Resp. 6; Def.'s Mot. 17–18.) Plaintiff's position is the correct one. The plain text of the UAA states that "[a]n action or proceeding, allegedly involving an issue subject to arbitration, shall be stayed if a court order to proceed with arbitration has been made," 42 Pa. C.S.A. § 7304(d), a command shared by the FAA. See Lloyd v. HOVENSA, LLC., 369 F.3d 263, 269 (2004) ("[T]he plain language of [the FAA] affords a district court no discretion to dismiss a case where one of the parties applies for a stay pending arbitration."). Consistent with this, the Court will stay proceedings rather than dismiss the case.

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion to Compel Arbitration and Dismiss the Case with regard to compelling arbitration. However, the Court will stay proceedings rather than dismiss the case. An appropriate Order follows.

O:\CIVIL 21\21-3983 Mason v. Uber Technologies, Inc\21cv3983 Memorandum re Motion to Compel Arbitration.docx